1
2
3
4
5
6
7
8     **UNITED STATES DISTRICT COURT**
9     **EASTERN DISTRICT OF CALIFORNIA**
10

11    PAUL DESAI,                          )  Case No.: 1:20-cv-01579 NONE JLT
                                           )
12            Plaintiff,                    )  ORDER TO SHOW CAUSE WHY THE ACTION
                                           )  SHOULD NOT BE DISMISSED
13        v.                               )
                                           )
14    JOE BIDEN, et al.,                    )
                                           )
15            Defendants.                   )
                                           )
16    _____      )

17        Plaintiff initiated this action by filing a complaint on November 5, 2020.  As a general rule, all

18    parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing

19    fee.  28 U.S.C. § 1915(a).  However, the Court may authorize the commencement of an action without

20    the filing fee "by a person who submits an affidavit that includes a statement of all assets such

21    [person] possesses that the person is unable to pay such fees or give security therefore."  28 U.S.C. §

22    1915(a)(1).  Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to

23    proceed *in forma pauperis* is granted by the Court.  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th

24    Cir. 1999).

25        Because Plaintiff failed to pay the requisite filing fee, the matter cannot proceed before the

26    Court at this time.  On November 12, 2020, the Court issued an order directing Plaintiff to pay the

27    filing fee or file a motion to proceed IFP within twenty-one days of the date of service. (Doc. 2) Thus,

28    Plaintiff was required to respond no later than December 7, 2020.  (*See id.* at 2).  In addition, the order

contained a notice to Plaintiff that "[f]ailure to comply with this order may result in dismissal of this action pursuant to Local Rule 110." *Id.* at 2 (emphasis in original).  Nevertheless, Plaintiff failed to comply with or otherwise respond to the Court's order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause within fourteen days of the date of service of this order why the action should not be dismissed for failure to comply with the Court's order or he can pay the filing fee or file a motion to proceed *in forma pauperis*.

**The plaintiff is warned that his failure to comply will result in the Court recommending that the action be dismissed.**

IT IS SO ORDERED.

Dated:   **December 15, 2020**                      **/s/ Jennifer L. Thurston**
                                                                       UNITED STATES MAGISTRATE JUDGE